**Willie Reed TAYLOR et al.,
Plaintiffs-Appellants,**

v.

**COAHOMA COUNTY SCHOOL
DISTRICT et al.,
Defendants-Appellees.**

No. 77–2838.

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1978.

---

Alvin O. Chambliss, Jr., Oxford, Miss., Thomas Morris, Cleveland, Miss., Melvyn Leventhal, Jack Greenberg, Jonathan Shapiro, James M. Nabrit, III, New York City, Reuben V. Anderson, Fred L. Banks, Jr., Jackson, Miss., Michael B. Trister, Research Project, Washington, D. C., Armand Derfner, James A. Lewis, Jackson, Miss., Charles Victor McTeer, Greenville, Miss., A. Jane Heidelberg, Cleve McDowell, Clarksdale, Miss., for plaintiffs-appellants.

William H. Maynard, William Bradley, Clarksdale, Miss., Don P. Lacy, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

PER CURIAM:

The Coahoma County School District has been operating under a district court desegregation order since 1969. On January 28, 1977, the school board petitioned the court for permission to close Hull Elementary School and to transfer its students to neighboring schools. The court provided appellants an opportunity to file objections, and appellants failed to do so. On February 10, 1977, the court issued an order permitting the closing of the school.

On July 1, 1977, appellants filed a motion to enjoin the closing of Hull. The district court held a hearing on the motion and denied relief. The court found that the substantial decline in enrollment in the school system in general, and in the Hull School in particular, necessitated the closing of Hull for economic reasons. The court further found that there was no evidence to show that this action would have any racial impact or result in discrimination against the black students in Coahoma County. Appellants now appeal from the denial of relief.

We have carefully examined the record and the court's findings and conclude that the court's judgment must be affirmed. There is absolutely no indication in the record that the closing of Hull will have any racial impact. At present, 90% of the children attending schools in the district are black. Even in the elementary school with the largest concentration of white students in the county, only 22% of the student population is white. In 1975 only 2 of 210 students at Hull were white. Appellants admit that the decline in enrollment necessitates some action by the school board. Yet they do not even suggest an alternative to closing Hull which would provide students formerly attending Hull with an integrated education. No such alternative is apparent from the record.

Since 1969, Judge Smith has attentively and meticulously supervised the actions of school officials to ensure compliance with his desegregation order. His efforts are to be commended. In the case at bar, Judge Smith reviewed the proposal to close the school in question and concluded that the board's action would have no racial or discriminatory impact. The record overwhelmingly supports this conclusion. The judgment of the district court is therefore

AFFIRMED.